UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID A. BROWN,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            09-CV-6228L

              v.

ONTARIO COUNTY,
ONTARIO COUNTY DEPUTY
KATHLEEN HABBERFIELD,
INVESTIGATOR MATT PEONE,
ONTARIO COUNTY SHERIFF PHIL PROVERO,
DISTRICT ATTORNEY MIKE TANTILLO,


                              Defendants.

---

## INTRODUCTION

Plaintiff David Brown ("Brown"), proceeding *pro se*, bring this action against defendants Ontario County (the "County"), Ontario County Sheriff Phil Povero (the "Sheriff"), Deputy Kathleen Habberfield ("Habberfield"), Investigator Matt Peone ("Peone"), and District Attorney Mike Tantillo ("Tantillo") (collectively "defendants"). Pursuant to 42 U.S.C. §1983 ("Section 1983"), plaintiff alleges that the individual defendants, acting in their official capacities as County employees, falsely arrested and imprisoned plaintiff and subjected him to malicious prosecution, engaged in racial profiling and otherwise violated his constitutional rights.

The pertinent facts are largely undisputed, and defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss plaintiff's claims, on the grounds that they had probable cause to arrest the plaintiff, and in any event, are entitled to absolute or qualified immunity. For the reasons set forth below, the defendants' motion to dismiss (Dkt. #22) is granted, and the complaint is dismissed.

## DISCUSSION

### I.      Summary Judgment

Summary judgment is granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the parties opposing summary judgment are proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest."  *Corcoran v. New York Power Auth*., 202 F.3d 530, 536 (2d Cir.1999).  Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment."  *Fitzpatrick v. N.Y. Cornell Hosp*., 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003).  Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

### II.     Plaintiff's Claims of False Arrest and Malicious Prosecution Pursuant to Section 1983

In order to maintain his claims for false arrest and malicious prosecution under Section 1983, plaintiff must show that the defendants violated his Constitutional or federal statutory rights – here, his Fourth Amendment right to be free from unreasonable seizures – and that defendants did so while acting under color of state law.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

To establish a claim of false arrest, false imprisonment, malicious prosecution, or a violation of civil rights arising therefrom, a plaintiff must prove that the underlying arrest lacked probable

cause. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). As such, the existence of probable cause is "a complete defense to [a civil rights action arising from an arrest]," whether brought under state law or Section 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). *See also Crenshaw v. City of Mount Vernon*, 372 Fed. Appx. 202, 206 n.2 (2d Cir. 2010) ("[t]he existence of probable cause is . . . a defense to a malicious prosecution claim under Section 1983"); *Manganiello v. City of New York*, 612 F.3d 149, 161-162 (2d Cir. 2010) (same).

Although an arrest may not be grounded solely on a "hunch," *United States v. Patrick*, 899 F.2d 169, 174 (2d Cir. 1990), "a probable cause determination does not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Donovan v. Briggs*, 250 F. Supp. 2d 242, 251 (W.D.N.Y. 2003), *quoting Hahn v. County of Otsego*, 820 F. Supp. 54, 55 (N.D.N.Y. 1993). Thus, it has been observed that, "the standard for establishing probable cause is not a particularly stringent one. It does not require proof of a suspect's guilt beyond a reasonable doubt. Instead, probable cause to arrest exists when the known facts are 'sufficient to warrant a person of reasonable caution in the *belief* that the person to be arrested has committed or is committing a crime.'" *Donovan*, 250 F. Supp. 2d 242 at 253, *quoting Jocks v. Tavernier*, 316 F.3d 128 at 135 (2d Cir. 2003)(emphasis in original). *See also Loria v. Gorman*, 306 F.3d 1271, 1288-89 (2d Cir. 2002) ("probable cause is an assessment of probabilities, not an ascertainment of truths").

Here, plaintiff's arrest took place in the early morning hours of April 3, 2008, after Detective Habberfield observed plaintiff standing in front of an open storage unit at a rental facility, wearing black gloves despite the mild weather, and carrying a screwdriver and flashlight. A large set of bolt cutters was in plain view on top of the trunk of plaintiff's nearby car, and tires and rims that had been removed from the storage units were in plain view in the backseat. A Mr. Frost, the tenant of the rental unit, was summoned, and identified the tires and rims in plaintiff's back seat as his. Frost also denied that anyone had permission to enter the two units he rented or to remove items therefrom. Plaintiff was thereafter arrested, and his vehicle impounded. Upon execution of a search warrant for

the vehicle, police discovered the tires and rims that had been stolen from the storage units, as well as a chain with a Master padlock, a lock pick tool set, hammer, and hacksaw.

It is clear that the conduct in which plaintiff was observed, as well as the location and time of day, and the stolen items and burglar's tools that were observable in his possession at the time of his arrest, together provided a sufficient evidentiary basis for the crimes for which he was arrested, N.Y. Penal Law §140.20 (burglary in the third degree) and §140-35 (possession of burglar's tools). Although plaintiff protests that the arresting officers should have pursued other avenues to explain the circumstances they observed, and vaguely claims that the defendants manipulated the crime scene in some way, plaintiff offers no evidence of this, and the defendants refute it.  Furthermore, "the police [are] not required to explore and eliminate every potentially plausible claim of innocence as part of their pre-arrest investigation." *Ricciuti v. New York City Transit Auth.*, 1254 F.3d 123, 128 (2d Cir. 1997).  Plaintiff has provided no evidence that any trustworthy or credible investigative lead was overlooked here, or that the arresting officers' belief that they had observed him in the commission of a crime was anything but reasonable.

As such, I find that the undisputed facts establish that the defendants had probable cause to arrest the plaintiff on April 3, 2008.  Moreover, plaintiff was later indicted for the same crimes based on the same evidence.  An indictment by a grand jury establishes, as a matter of law, the existence of probable cause for the underlying arrest, except in circumstances involving bad faith, fraud, perjury or suppression of evidence -- none of which are evidenced here. *See Manganiello*, 612 F.3d 149 at 162; *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), *citing Colon v. City of New York*, 60 N.Y.2d 78 (N.Y. Ct. App. 1983).

Having found that plaintiff's arrest was supported by probable cause, I  need not reach the issue of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Nevertheless, I find that even if probable cause was lacking or questionable, defendants are entitled to qualified immunity.

Qualified immunity shields public officials from an action for civil damages, to the extent that their challenged acts do not violate "clearly established statutory or constitutional rights of

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Specifically, the doctrine applies where it is "objectively reasonable" for an official to believe that his conduct did not violate such a right, in light of clearly established law and in the information possessed by the official. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). In determining whether defendants are entitled to qualified immunity, the Court must focus on "objective circumstances rather than an officer's subjective motivation." *Bradway v. Gonzales*, 26 F.3d 313, 319 (2d Cir. 1994).

With respect to claims relating to false arrest, an arresting officer is entitled to qualified immunity if: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. *See Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995); *Wachtler v. County of Herkimer*, 35 F.3d 77, 81 (2d Cir. 1994**).**

As noted above, the undisputed facts presented here establish that the plaintiff's arrest was grounded upon firsthand, eyewitness observations, corroborated by items found in plaintiff's possession and testimony by the owner of the stolen items, and I find that this evidence was manifestly sufficient to cause a reasonable officer to believe that probable cause existed for plaintiff's arrest. No evidence has been presented to suggest that the relevant statements and physical evidence were obtained in a manner which a reasonable officer could have believed was in violation of the plaintiff's constitutional rights, was untrustworthy, or otherwise failed to furnish probable cause.

Accordingly, plaintiff's claims of false arrest and malicious prosecution are dismissed.

**B.     Plaintiff's Claims of Conspiracy to Undertake False Arrest and Malicious Prosection**

Plaintiff also alleges that the defendants engaged in a conspiracy to violate his constitutional rights. However, this claim is wholly conclusory and unsupported by any factual allegations. It is

well settled that conclusory or general allegations are insufficient to state a claim for conspiracy under Section 1983.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).  In any event, as the Court has already concluded, no underlying constitutional violation took place that could support a conspiracy claim, and the defendants are entitled to qualified immunity with respect to their complained-of conduct.

### C.      Plaintiff's Claims Against Prosecutor

Plaintiff also purports to assert claims against District Attorney Tantillo.  However, it is well settled that prosecutors are entitled to absolute immunity against Section 1983 claims, for actions performed in the course of their prosecutorial duties, including but not limited to the presentation of evidence to grand juries and participation in criminal trials.  *See Imbler v. Pachtman*, 424 U.S. 409, 427-428 (1986); *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986).  The facts relied upon by plaintiff in support of his claims against Tantillo refer solely to prosecutorial acts, and plaintiff makes no claim relating to actions by Tantillo outside of his prosecutorial capacity.  Accordingly, plaintiff's claims against Tantillo are dismissed.

### D.      Plaintiff's Claims Against the County

It is well settled that in order to maintain a claim against a County under 42 U.S.C. §1983, plaintiff must show that the County violated her Constitutional or federal statutory rights, and did so while acting under color of state law.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  A municipality's liability under Section 1983 is limited, however, to "acts which the municipality has officially sanctioned or ordered.  *City of St. Louis v. Prapotnik*, 485 U.S. 112, 123 (1988).  As such, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the County's business."  *Id*.

However, "[a] municipal policy may be inferred from the informal acts or omissions of supervisory officials." *Poulson v. City of North Tonawanda*, 811 F. Supp. 884, 896 (W.D.N.Y. 1993), *quoting Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).  In order for such an inference to arise, the official's acts or omissions must be serious enough to suggest "deliberate

indifference" to the plaintiff's constitutional rights: "mere lack of responsiveness, failure to supervise employees, or nonfeasance has been held insufficient to establish a causal link between a municipal custom or practice and a constitutional violation." *Poulson*, 811 F. Supp. at 896, *citing  Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

Plaintiff's claim of municipal liability is grounded solely upon the conclusory allegation that the County engages in an "unspoken" policy of racial profiling.  However, plaintiff does not describe the alleged policy, or explain how it allegedly caused him to be deprived of his constitutional rights. Further, plaintiff makes no claim that any particular County official committed a specific act or omission that effected a constitutional deprivation.  Because plaintiff has failed to allege or prove that any unconstitutional policy was maintained by the County, or that such a policy cause a violation of his constitutional rights, his claims against the County and County officials in their "official" capacity must be dismissed.

## **CONCLUSION**

For the foregoing reasons, I find that there are no material issues of fact, that the arresting defendants had probable cause to arrest the plaintiff on April 3, 2008 and further that each of the law enforcement defendants are entitled to qualified immunity, and the defendant prosecutor is entitled to absolute immunity, against the plaintiff's claims.  Defendants are therefore entitled to judgment as a matter of law.  Defendants' motion for summary judgment dismissing the Complaint (Dkt. #22) is granted, and the Complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 27, 2011.